IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RAHAT T. RASHID**                                                                                          **PLAINTIFF**

**V.**                                                                            **NO. 4:14-CV-00053-DMB-JMV**

**DELTA STATE UNIVERSITY**                                                                     **DEFENDANT**

## ORDER DENYING EXTENSIONS

Before the Court are multiple motions for extensions of time filed by the parties. For the reasons that follow, none of the requested extensions will be granted.

**I**

The motions deadline in this case was originally set for December 5, 2014. Doc. #15. It was first extended until December 26, 2014, on Defendant's *ore tenus* motion, then extended until January 26, 2015, on Defendant's written motion.[1] *See* Nov. 20, 2014, Text Order; Dec. 8, 2014, Text Order. On January 26, 2015, Defendant moved for a third time to extend the deadline to January 29, 2015, stating that its counsel "has continued to encounter extenuating circumstances … which have impacted the pretrial process." Doc. #28. Specifically, Defendant represented that its counsel: (1) serves as conservator for her recently-hospitalized mother; and (2) was unable to access certain files in this matter as a result of a recent job change. *Id*. at ¶¶ 2–3. As justification for the extension, Defendant also cited the fact that Plaintiff was not deposed until January 15, 2015. *Id*. at ¶ 3. This Court granted the extension by text order on January 27, 2015, and reset the motions deadline for January 29, 2015.

---

[1] The first extension was granted by U.S. Magistrate Judge Jane Virden and the second by the undersigned district judge. Defendant's written motion (which cited the same reasons subsequently asserted in Defendant's motion for extension filed January 26, 2015) sought a continuance of the trial or, alternatively, an extension of the discovery and motions deadlines but continuance of the trial was denied.

On January 29, 2015, a Thursday, Defendant filed its motion for summary judgment,[2] Doc. #29, but did not file a supporting memorandum brief as required by Uniform Local Rule 7(b)(4). The following Monday, on February 2, 2015, Defendant filed an unopposed motion seeking a four-day extension until February 2, 2015, to file its brief, attaching the brief to the motion as an exhibit. Doc. #30. As grounds for the extension, Defendant represented that the brief was not completed because its counsel "has continued to encounter the extenuating circumstances, which impacted preparing and finalizing Delta State's Brief in Support of its Motion for Summary Judgment." This Court granted the extension through text order on February 3, 2015.

Plaintiff's response to Defendant's summary judgment motion was due February 16, 2015, a Monday. *See* L.U. Civ. R. 7(b)(4); Fed. R. Civ. P. 6(a)(1)(C) and (d).[3] On Friday, February 13, 2015, Plaintiff filed an unopposed motion to extend the deadline to file a response from February 17, 2015,[4] until February 24, 2015. Doc. #32. In her motion, Plaintiff represented that the extension was necessary "to acquire affidavits to support the response." *Id*. The Court granted Plaintiff's motion the same day, extending the deadline to file a response through February 24, 2015. *See* Feb. 13, 2015, Text Order.

Plaintiff did not file a response to the summary judgment motion by the February 24 deadline. However, on March 11, 2015, approximately two weeks *after* the deadline to respond,

---

[2] The certificate of service represents that the motion for summary judgment was served "by ECF" on January 26, 2015, but it could not have been served by ECF that date since it was not filed through ECF until January 29, 2015.

[3] Local Rule 7(b)(4) requires the filing of a response "within fourteen days after service of movant's motion and memorandum brief;" to which 3 days are added pursuant to Fed. R. Civ. P. 6(d). If the last day falls on a Saturday, Sunday, or legal holiday, Fed. R. Civ. P. 6(a)(1)(C) provides that "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Here, because the last day of the period fell on a Saturday, the due date continued until the following Monday, February 16, 2015. Given that Defendant's summary judgment memorandum was not filed the same date as its summary judgment motion, Plaintiff's response to the memorandum technically was not due until February 19, 2015.

[4] Plaintiff's calculation of February 17, 2015, as the due date for her response to the summary judgment motion was erroneous. *See* footnote 3, *supra.*

Plaintiff filed first her response, Doc. #34, and separate supporting brief, Doc. #35. The same day, Plaintiff then filed a motion to extend the time for the filing of her response through and until March 11, 2015. Doc. #36. Plaintiff's only arguments in support of her after-the-fact motion for extension are: (1) the motion is unopposed; (2) she needs more time "to acquire affidavits to support the response"; and (3) "Defendant did not respond [to] written discovery until the week of March 9, 2015." Doc. #36.

Because Plaintiff filed her response on March 11, 2015, the deadline for Defendant's reply in support of summary judgment was March 23, 2015.[5] On March 18, 2015, Defendant filed a reply with attached exhibits but no accompanying memorandum brief. Doc. #39. The same day, Defendant also filed a separate motion to strike certain statements in an affidavit of Plaintiff offered in opposition to the motion for summary judgment. Doc. #40.

On March 24, 2015, Defendant filed a motion to extend the time for its reply brief from March 23, 2015, until March 24, 2015, stating that "despite diligent effort," one additional day was needed because its counsel "is the only attorney who has worked on this matter." Doc. #41. Later that day, citing the same reason, Defendant filed an "unopposed amended motion" for the same extension. Doc. #42. At approximately the same time, Defendant filed its reply brief. Doc. #43.[6]

The deadline for Plaintiff's response to Defendant's motion to strike was April 6, 2015. On April 6, 2015, Plaintiff filed an unopposed motion for "an additional day to complete her response to Defendant's Motion to Strike." Doc. #45. On April 7, 2015, Plaintiff filed such

---

[5] A reply is due within seven days after the service of the response and memorandum brief, to which 3 days are added under Fed. R. Civ. P. 6(d). Because the last day of the reply period fell on a Saturday, March 21, 2015, the following Monday, March 23, 2015, was the deadline date.

[6] Due to a filing error by Defendant, its March 24 filing appears on the docket as a "First MOTION for Summary Judgment *Reply Brief*" but was refiled correctly on March 25, 2015, at the Clerk's instructions. Doc. ##43 & 44.

3

response. Doc. #47. Defendant filed a reply in support of its motion to strike on April 14, 2015. Doc. #49.

Thus, presently pending before the Court are four requests for extensions: (1) Plaintiff's motion for an extension to respond to Defendant's summary judgment motion, Doc. #36; (2) Defendant's motion for an extension to file her summary judgment reply brief, Doc. #41; (3) Defendant's amended motion for an extension to file her summary judgment reply brief, Doc. #42; and (4) Plaintiff's motion for an extension to respond to the motion to strike, Doc. #45. All of these motions are fatally flawed.

II

Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that, "for good cause," a court *may* extend a deadline before the original deadline or its extension expires. A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *See* FED. R. CIV. P. 6(b)(1)(B) ("[T]he court may, for good cause, extend the time … on motion made *after the time has expired* if the party failed to act because of excusable neglect.") (emphasis added). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (internal quotation marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 Fed. App'x 442, 443-44 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

# A

**Plaintiff's After-the-Fact Motion for Extension**

Plaintiff's motion for an extension to respond to the summary judgment motion was filed fifteen days after the expiration of the deadline established by this Court's February 13, 2015, Order (which order, on Plaintiff's motion, extended the original deadline to respond). As mentioned above, Plaintiff's only arguments in support of her untimely motion for extension are: (1) the motion is unopposed; (2) she needs more time "to acquire affidavits to support the response;" and (3) "Defendant did not respond [to] written discovery until the week of March 9, 2015." Doc. #36. None of these arguments demonstrate excusable neglect as required by Rule 6(b)(1)(B).

First, a motion is not automatically granted simply because it is unopposed. *See* L.U. CIV. R. 7(b)(3)(E) ("the court *may* grant the motion as unopposed") (emphasis added). A private agreement between parties neither relieves a movant seeking an out-of-time extension from demonstrating excusable neglect, nor strips this Court of its duty to find the same. *See McCarty*, 376 Fed. App'x at 443 ("[A]ny grant of an extension that is filed after the time for a response has expired *may only be granted upon a finding of excusable neglect*.") (citation omitted; emphasis added). Plaintiff has offered no authority to the contrary. Nor has she provided any analysis regarding how such an agreement militates in favor of the factors identified in *Adams*.

Even if the Court construes the unopposed status of the motion as an assertion that the non-movant will not be prejudiced by the extension, the motion should be denied. This Court is not convinced that the mere lack of prejudice is sufficient to demonstrate excusable neglect. This is because "[t]he word 'excusable' would be read out of the rule if inexcusable neglect were

transmuted into excusable neglect by a mere absence of harm." *See Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 469 n.4 (5th Cir. 1998) (citation omitted).

Moreover, although Plaintiff claims she needed the additional time to secure affidavits, she offered only her own affidavit in support of her untimely summary judgment response. Doc. #34-1. Taking into account the extension granted on February 13, 2015, Plaintiff had nearly four-weeks to create this affidavit. Notably, Plaintiff provides no explanation for her delay in doing so and no justification for an additional 15-day extension.

Finally, Plaintiff has not explained how Defendant's late discovery responses caused her to miss the filing deadline. The Court has examined Plaintiff's untimely response, and it does not rely on any of Defendant's discovery responses. *See* Doc. #34. Indeed, Plaintiff's response is supported by only three exhibits: (1) Plaintiff's own affidavit, Doc. #34-1; (2) a printout of Defendant's webpage, Doc. #34-2, which is dated March 10, 2015—a mere day before she filed this untimely extension motion; and (3) her EEOC Charge of Discrimination, Doc. #34-3, which she presumably possessed long before initiating this lawsuit. Given this, there was, and is, no reason for the delay sought by the extension request, which weighs against a finding that the extension was sought in good faith.

In short, Plaintiff's two-week late motion for extension of time completely fails to establish excusable neglect and will be denied. Plaintiff's response and supporting memorandum opposing summary judgment will be stricken and not considered by this Court in deciding the summary judgment motion. *See Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) ("Based on its inherent powers, a court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders.") (collecting authorities). *See also Hill v. Cobb*,

No. 3:13-CV-045-SA-SAA, 2014 WL 3810226, at *1 (N.D. Miss. Aug. 1, 2014) ("By failing to properly urge its purported motion for summary judgment, Defendants have failed to follow this Court's motions practice rules, and the Court declines to consider it as a motion."); *Esparza v. Eagle Express Lines, Inc.*, No. 4:05-CV-315, 2007 WL 969585, at *4 (E.D. Tex. Mar. 28, 2007) ("the court declines to consider Dr. Young's report and hereby strikes it from the record."). Accordingly, Defendant's motion to strike certain statements in Plaintiff's affidavit will be denied as moot.

B

**Defendant's After-the-Fact Motions for Extension**

On March 24, 2015, Defendant filed two motions to extend the time for its summary judgment reply brief, one of them as unopposed, stating in both that "despite diligent effort," one additional day was needed because its counsel "is the only attorney who has worked on this matter." Doc. #41; Doc. #42. Because the motions were filed after the deadline, however, Defendant is required to show both good cause and excusable neglect. FED. R. CIV. P. 6(b)(1)(B). Neither good cause nor excusable neglect is shown, however, given the reason articulated by Defendant.

Defendant does not mention a lack of prejudice, or discuss any of the other *Adams* factors, as justification for the extension. But, as established above, mere lack of prejudice does not demonstrate excusable neglect, particularly to the extent it may be presumed by the unopposed status of one of the motions. While the length of the requested extension weighs in favor of granting the motion since a one-day delay is unlikely to impact the proceedings in any substantive or adverse way, Defendant does not even attempt to explain why her counsel being the "only attorney who has worked on this matter" amounts to excusable neglect and good cause.

7

*See Geiserman v. MacDonald*, 893 F.2d 787, 792 n.10 (5th Cir. 1990) (citing *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) ("a busy [law] practice does not establish 'excusable neglect'")). Where Defendant's motion also does not provide any information sufficient to evaluate the good faith factor, Defendant has failed to make the necessary showing for the extension.

Accordingly, both motions will be denied and Defendant's reply brief stricken.

C

**Plaintiff's Last-Minute Motion for Extension**

Plaintiff's motion for an extension to respond to Defendant's motion to strike was filed on the day her response was due, April 6, 2015. Doc. #45. Although the motion was filed before the deadline expired, it was filed at the eleventh hour. This Court does not favor such last-minute filings, particularly where they fail to specify sufficient grounds for an extension. As succinctly explained by one court:

> The responsibility and consequence of failing to meet a deadline falls upon the party that missed the deadline. A party takes significant risks when it seeks an extension of a deadline late on the day of the deadline; that is, at the proverbial eleventh hour. The risks include: (1) that the Judge may not be available to entertain the motion; (2) that the Judge may not be able to adjudicate the motion that same day; (3) that the motion will be denied and, thus, the party will have little or no time to meet the deadline; and (4) that the party will not receive timely notice of a decision and, thus, be unable to meet the deadline. The filing of a request for an extension on the final day of the time period does not act as an automatic stay of the deadline, nor does it provide good cause for an extension of the deadline. To the contrary, it is evidence of being remiss in one's duties. Waiting until the proverbial eleventh hour to take action is always risky business, as evidenced by the negative outcome in this case.

*Bruce v. Cnty. of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003). Plaintiff's motion is not only last-minute but is devoid of any facts or argument sufficient to demonstrate good cause. While Plaintiff states in the motion that she is "requesting an

8

additional day to complete her response," she states no reason as to why an extra day is required, much less a reason sufficient to show good cause.⁷ In the absence of good cause, the motion will be denied.

### III

This Court is not opposed to granting extensions and is acutely aware of the many extenuating and sometimes unforeseen circumstances that may arise in the lives of litigants and their attorneys. When those circumstances are properly presented to the Court, in compliance with the rules, they will be given due consideration. However, when motions for extensions are repeatedly filed without due regard for the rules and without elaboration of supporting facts, this Court will not hesitate to deny them.

The delays caused by the multiple extensions granted in this case are already significant.⁸ "Such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Adams*, 465 F.3d at 162 n.9.

Both parties in this suit have repeatedly demonstrated their inability or unwillingness to comply with the filing deadlines set by rule and this Court. Instead of filing timely submissions, they have habitually filed untimely documents, after-the-fact motions for extension of time, and last-minute motions for extension of time. Compounding this undesirable conduct is the parties'

---

⁷ This Court will not grant such a skeletal motion. *See Cardenas v. Maslon*, No. 3:14-CV-00036-DMB, 2015 WL 1291862, at *8 (N.D. Miss. Mar. 17, 2015) (citing *El–Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones.")).

⁸ Since the original motions deadline, the parties have collectively requested extensions totaling over 80 days.

9

blatant disregard and complete failure to address the "excusable neglect" and "good cause" standards in Rule 6(b) of the Federal Rules of Civil Procedure, either or both of which is required to grant such extensions. This Court will no longer turn a blind eye to this conduct. Adherence to the governing procedural rules and this Court's orders should not be most often the exception rather than the rule.

IV

Therefore, for the reasons explained above:

1. Plaintiff's after-the-fact motion [36] to extend the deadline to file a response to the summary judgment motion is **DENIED**;

2. Defendant's after-the-fact motions [41][42] to extend the deadline to file a reply brief are **DENIED**;

3. Plaintiff's last-minute motion [45] to extend the deadline to file a response to the motion to strike is **DENIED**;

4. Defendant's motion [40] to strike is **DENIED as moot**; and

5. Plaintiff's response [34] and memorandum [35] opposing summary judgment; Defendant's summary judgment reply brief [43]; and Plaintiff's response [47] to the motion to strike are **STRICKEN** and will not be considered by this Court.

**SO ORDERED,** this 17th day of April, 2015.

/s/ Debra M. Brown_____
**UNITED STATES DISTRICT JUDGE**